**UNITED STATES DISTRICT COURT
OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS/ST.JOHN**

Civil Action No. _____

**MICHAEL BOOK, Individually and on
behalf of all others similary situated,**

    **Plaintiff,**

vs.

**SCHEAR CONSTRUCTION, LLC, a
Florida Limited Liability Company,**

    **Defendant.**

                                                       /

**JURY TRIAL DEMANDED**

**COLLECTIVE ACTION PURSUANT TO
29 U.S.C. 216(b)**

**CLASS ACTION PURSUANT TO
FED.R.CIV.P. 23(b)**

## CLASS/COLLECTIVE ACTION COMPLAINT

Plaintiff, MICHAEL BOOK ("Plaintiff" or "BOOK") brings this action individually and on behalf of all others similarly situated (hereinafter "Plaintiff and the Putative Class Members" or "Plaintiff and the FLSA Collective Members"), who worked for SCHEAR CONSTRUCTION, LLC ("Defendant" or "SCHEAR"), at any time during the last six (6) years through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216(b), and the Virgin Islands Fair Labor Standards Act ("Virgin Islands FLSA"), 24 V.I.C. §1 *et. seq*.

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA while his Virgin Islands FLSA claims are asserted as a class action under Federal Rule of Civil Procedure 23(b)(3).

1

# I.
# OVERVIEW

1. Defendant provides construction services throughout the United States and its territories, including following natural disasters such as hurricanes and tornados.

2. Defendant has worked on projects in Florida, New York, and the Virgin Islands, among others in recent years.

3. Due to the emergency nature of the work it contracts to do for local, state, and federal governments, as well as private companies, Defendant demands that its employees, like Plaintiff work exorbitant hours, sometimes 70 or more hours in a workweek.

4. Defendant failed to pay Plaintiff, and those similarly situated, the legally-mandated one and one-half times their regular hourly rate for every hour that was worked over eight (8) in a day and/or forty (40) in a given workweek and/or for their six or more consecutive days.

5. This lawsuit includes both a collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, and a class action pursuant to the laws of the Virgin Islands, and Federal Rule of Civil Procedure 23, to recover unpaid wages, unpaid overtime wages, and other applicable interest, penalties, costs and fees.

6. Plaintiff and the Putative Class Members are those similarly situated laborers who have worked for Defendant, within the relevant statutes of limitations through the final disposition of this matter, and have not been paid for the correct amount of overtime in violation of the FLSA and the Virgin Islands FLSA.

7. Specifically, Defendant has enforced a uniform company-wide policy wherein it does not pay overtime premiums as required by law. Rather, all laborers in the defined classes are paid hourly, with straight time overtime rather than time and one half for overtime hours.

8. Pursuant to its common "no overtime" pay scheme, Defendant failed to pay Plaintiff and the Putative Class Members one and one-half times their regular hourly rate for each hour worked over 8 in a day or 40 in a week or when they worked six or more consecutive days.

9. Defendant's company-wide policy has caused Plaintiff and the Putative Class Members to have hours worked that were not properly compensated.

10. Although Plaintiff and the Putative Class Members have routinely worked hours for which the FLSA and Virgin Islands FLSA require payment of overtime premiums, Plaintiff and the Putative Class Members have not been paid overtime of at least one and one-half their regular rates for all hours worked for such hours.

11. Defendant has knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members the proper amount of overtime on a routine and regular basis in the last three years.

12. Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all damages owed under the Virgin Islands FLSA, as a class action pursuant to Federal Rule of Civil Procedure 23.

13. Plaintiff prays that all similarly situated workers (FLSA Collective Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

14. Plaintiff also prays that the Virgin Islands Rule 23 class be certified as defined herein, and that Plaintiff Book designated herein be named as Class Representative for the Virgin Islands FLSA class.

## II.
## THE PARTIES

15. Plaintiff was employed by Defendant in the Virgin Islands during the relevant time period as a laborer.[1]

16. Plaintiff did not receive the correct amount of overtime compensation for all hours worked in excess of eight (8) hours per day or forty (40) hours per workweek or when he worked six or more consecutive days.[2]

17. The FLSA Collective Members are those current and former laborer employees who were employed by Defendant at any time during the last three years through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff worked i.e. straight-time pay for overtime rather than time and one half.

18. The Virgin Islands FLSA Class Members are current and former laborer employees who were employed by Defendant in the Virgin Islands at any time from the three years prior to the filing of this Complaint through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff worked and was paid, namely Defendant's straight-time overtime scheme.

19. Defendant SCHEAR is a Florida limited liability company, with its principal address located in Oakland Park, Florida.

20. Defendant simultaneously serves customers throughout the United States, with work operations in multiple states and/or territories at any given time.

---

[1] Plaintiff was previously an opt-in Plaintiff in the case *Sarmiento v. Schear Construction, LLC*, 0:2020cv61249 (S.D. Fla.), from September 22, 2020 until November 16, 2021, and thus his FLSA claims were tolled during that period of time, before he withdrew his consent.

[2] The written consent of Michael Book is attached as **EXHIBIT A**.

21. Defendant had gross annual revenues in excess of $500,000.00 per annum in all years relevant to the instant claims.

22. Defendant is a covered employer under the FLSA and acted as such in relation to Plaintiff and the Putative Class Members.

23. The unlawful acts alleged in this Complaint were committed by Defendant and/or Defendant's officers, partners, agents, employees, or representatives, while actively engaged in the management of Defendant's business or affairs and with the authorization of the Defendant.

### III.
### JURISDICTION & VENUE

26. This Court has federal question jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

27. This Court has supplemental jurisdiction over the Virgin Islands FLSA claims pursuant to 28 U.S.C. § 1367.

28. Defendant is subject to the general and specific jurisdiction of this Court with regard to all claims herein, because this action arose from Defendant's actions or inactions within this District, namely its failure to pay proper overtime to Plaintiff and its other employees when they worked overtime hours.

29. At all times relevant hereto, Plaintiff was a citizen of the State of Florida.

30. A significant portion of the acts and omissions complained of occurred within this District, because they arose from Defendant's decision and failure to pay legally mandated overtime to its workers as complained of herein.

31. Thus, Defendant is subject to the specific jurisdiction of this Court with regard to all claims herein.

32. Venue is proper in this District because Defendant's maintain a place of business in this District and the acts and omissions complained of herein occurred in this District.

## IV.
## ADDITIONAL FACTS

33. From approximately May 25, 2019 until October 31, 2019, Plaintiff was employed by Defendant as a laborer in the U.S. Virgin Islands.

34. Throughout the time Plaintiff was employed by Defendant, Defendant paid Plaintiff and those similarly situated "straight time" or their regular hourly rates, without overtime premiums, when they worked in excess of 8 hours per day and/or 40 hours per week and/or worked six or more consecutive days.

35. Upon information and belief, regardless of the location of the job/contracts on which Defendant employed laborers within the relevant time periods, Defendant paid all laborers under the same scheme, namely it paid laborers either day rates only or paid them solely their regular hourly rates ("straight time"), without overtime premiums when they worked in excess of 40 hours per week, in excess of 8 hours per day, or when they worked six or more consecutive days.

36. Plaintiff and the putative class members have not been properly compensated for all the hours they worked for Defendant as a result of Defendant's corporate policy and practice of whereby it fails to pay legally-mandated overtime compensation.

37. Defendant has maintained these illegal corporate policies for at least 10 years and has been repeatedly sued regarding the same FLSA violations alleged here. *See, e.g., Eagle v.*

*Schear Construction, LLC, et al.,* 2:2013cv00797, D.E. 1 (M.D. Fla. Nov. 13, 2013); *Perales v. Schear Construction, LLC[3], et al.,* 2:2009cv00669, D.E. 1 (M.D. Fla. Oct. 8, 2009).

38. Defendant has settled each of the prior lawsuits, but has persisted in willfully and flagrantly violating the FLSA nonetheless.

39. As a result of Defendant's corporate policy, Plaintiff and the putative class members were not properly compensated for all hours worked, including all worked in excess of eight (8) per day or forty (40) in a workweek, or when the worked six or more workdays within a workweek, as required by the FLSA and Virgin Islands FLSA.

40. Defendant has employed other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiff.

41. Defendant is aware of its obligation to pay overtime for all hours worked and the proper amount of overtime for all hours worked in excess of eight (8) per day and forty (40) each week to Plaintiff and the putative class members, but has failed to do so.

42. Because Defendant did not pay Plaintiff and the putative class members time and a half for all hours worked in excess of eight (8) per day and/or forty (40) in a workweek and/or when he worked six or more consecutive days, Defendant's pay policies and practices violate the FLSA as well as the Virgin Islands FLSA.

A. **COLLECTIVE ACTION ALLEGATIONS**

43. All previous paragraphs are incorporated as though fully set forth herein.

44. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of Defendant's hourly-paid employees hired to perform work anywhere in the United States or its

---

[3] It appears Defendant was incorrectly sued as "Schear Corporation," in that case, but the publicly available information makes clear the lawsuit arose from the plaintiffs' employment with this Defendant.

7

territories within the last three years, who have been similarly situated to Plaintiff with regard to the manner in which they were paid.[4]

45. Other similarly situated employees of Defendant have been victimized by Defendant's patterns, practices, and policies, which are in willful violation of the FLSA.

46. The FLSA Collective Members are defined as:

**ALL HOURLY PAID LABORER EMPLOYEES WHO WERE EMPLOYED BY SCHEAR, AT ANY TIME FROM NOVEMBER 16, 2018 THROUGH THE FINAL DISPOSITION OF THIS MATTER ANYWHERE IN THE UNITED STATES OR ITS TERRITORIES. ("FLSA Collective Members").**

47. Defendant's failure to pay Plaintiff and the FLSA Collective Members overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of Defendant—applicable to all hourly paid employees—and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

48. Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

49. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be paid proper overtime premiums for all hours worked in excess of forty (40) hours per workweek.

50. Although the amount of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

51. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Defendant will retain the proceeds of its violations.

---

[4] The Collective Action is intended to exclude anyone who is currently an opt-in Plaintiff in the *Sarmiento* case.

52. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

53. Accordingly, the FLSA collective of similarly situated plaintiffs should be conditionally certified as defined as in Paragraph 46 and notice should be promptly sent.

**B.    CLASS ACTION ALLEGATIONS**

<u>**VIRGIN ISLANDS FLSA CLASS**</u>

54. Plaintiff brings his Virgin Islands FLSA Claims as class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by the Defendant in the Virgin Islands since June 2017.

55. Class action treatment of Plaintiff and the Virgin Island FLSA Class Members' claims is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

56. The number of Virgin Islands FLSA Class Members is so numerous that joinder of all class members is impracticable.

57. Plaintiff is a member of the Virgin Islands FLSA Class, his claims are typical of the claims of the other Virgin Islands FLSA Class Members, and he has no interests that are antagonistic to or in conflict with the interests of the other Virgin Islands FLSA Class Members.

58. Plaintiff and his counsel will fairly and adequately represent the Virgin Islands FLSA Class Members and their interests.

59. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and

efficient adjudication of this litigation. Specifically, some of the questions of law common to the Class that predominate over individual questions affecting solely individual members, include, but are not limited to the following:

      a. Whether paying "straight time" with no overtime premium compensation violates Virgin Islands FLSA Law;

      b. Whether Defendant violated Virgin Islands FLSA law by failing to pay overtime wages to the Plaintiff and Virgin Islands FLSA Class Members;

      c. Whether Plaintiff and the Virgin Islands FLSA Class Members are entitled to overtime pay;

      d. Whether Defendant made and maintained accurate records of all time worked by Plaintiff and the Virgin Islands FLSA Class Members;

      e. Whether Plaintiff and the Virgin Islands FLSA Class Members are entitled to liquidated damages and/or prejudgment interest.

60. Accordingly, the Virgin Islands FLSA Class should be certified as:

**ALL HOURLY PAID EMPLOYEES WHO WERE EMPLOYED BY SCHEAR IN THE VIRGIN ISLANDS, AT ANY TIME FROM NOVEMBER 16, 2015, THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("Virgin Islands FLSA Class" or "Virgin Islands FLSA Class Members").**

## CAUSES OF ACTION

### COUNT ONE
**(Collective Action Alleging FLSA Violations)**

61. Defendant violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all of the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

62. Defendant knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked over forty each week. 29 U.S.C. § 255(a).

63. Defendant knew or should have known its pay practices were in violation of the FLSA, and was specifically placed on notice of the illegality of its practices by virtue of at least two prior similar lawsuits.

64. Defendant is comprised of sophisticated parties and is a sophisticated employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

65. Defendant's violations of the FLSA were committed in reckless disregard of its obligations thereunder and its obligations under the various contracts under which it performed the subject work.

66. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Defendant to pay them according to the law.

67. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## COUNT TWO
### (Virgin Islands FLSA Class Action)

68. Claimant hereby incorporates and realleges the allegations contained in paragraphs 1 through 42 and 54 through 60, above.

69. Sarmiento, on behalf of himself and the Virgin Islands FLSA Class, further brings this action pursuant to Fed. R. Civ. P. 23(b)(3) for back wages, interest and treble damages under 24 V.I.C. §1 *et. seq*.

70. Defendant violated 24 V.I.C. §20(a)(2) by failing to pay Plaintiff and those similarly situated one and one-half times his regular rate of pay for hours worked in excess of forty during each workweek.

71. Defendant violated 24 V.I.C. §20(a)(3) by failing to pay Plaintiff and those similarly situated one and one-half times his regular rate of pay for hours worked in excess of eight during each workday.

72. Defendant violated 24 V.I.C. §20(a)(1) by failing to by failing to pay Plaintiff and those similarly situated one and one-half times his regular rate of pay when he worked more than 5 consecutive days.

73. Defendant's violations of the Virgin Islands FLSA were repeated, willful, and intentional.

74. Plaintiff has been damaged by said violations of the Virgin Islands FLSA.

75. Pursuant to Plaintiff and the Virgin Islands FLSA Class for their unpaid overtime compensation, plus their attorneys' fees and costs.

## RELIEF SOUGHT

Plaintiff respectfully prays for judgment against Defendant as follows:

a. For an Order certifying the FLSA Collective and social security numbers of all putative collective action members;

b. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

c. For an Order pursuant to section 16(b) of the FLSA finding the Defendant liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have

joined in the suit), civil penalties, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

       d.      For an Order certifying the Virgin Islands FLSA Class pursuant to F.R.C.P. 23, designating Plaintiff as the Class Representative of the Virgin Islands FLSA Class, and designating undersigned counsel as Class Counsel;

       e.      For a Declaratory Judgment that the practices complained of herein are unlawful under the FLSA and the Virgin Islands FLSA;

       f.      For an Injunction against the Defendant and their officers, partners, agents, successors, employees, representatives and any and all persons in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

       g.      For an Order pursuant to Virgin Islands FLSA wage laws awarding the Plaintiff and the Virgin Islands FLSA Class all damages allowed by law;

       h.      For an Order awarding the costs and expenses of this action;

       i.      For an Order awarding attorneys' fees;

       j.      For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

       k.      For an Order awarding Plaintiff a service award as permitted by law;

       l.      For an Order compelling the accounting of the books and records of the Defendant, at Defendant's expense; and

       m.      For an Order granting such other and further relief as may be necessary and appropriate.

Date:   November 18, 2021                    Respectfully submitted,

By:   */s/ Nathan J. Mirocha*
**Nathan J. Mirocha**
**MirochaLaw LLC**
1138 King Street, #108
Christiansted, VI 00820
(340) 715-7790
nate@mirochalawvi.com
V.I. Bar #1301

***Attorneys for Plaintiff and the Putative Collective and Class***